UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9496 FMO (SKx) | Date | November 30, 2023 |
|---|---|---|---|
| Title | Dennis Morris v. Mediavine, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Re: Personal Jurisdiction

On November 9, 2013, Dennis Morris ("plaintiff") filed a Complaint against Mediavine, Inc. ("defendant") alleging direct and contributory / vicarious copyright infringement, as well as distribution of false copyright management information in violation of 17 U.S.C. § 1202. (See Dkt. 1, Complaint at ¶¶ 18, 23-24, 30-31). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 2). Plaintiff alleges that venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred in this District." (Id. at ¶ 3).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff generally alleges – on information and belief – that defendant "conducts business in and with the state of California dond this district" and that defendant "copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photography . . . at https://www.thehollywoodgossip.com/slideshows/13-celebrities-who-may-havekilled-people/page-3.html, which is owned and operated by Mediavine." (See Dkt. 1, Complaint at ¶¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9496 FMO (SKx) | Date | November 30, 2023 |
|---|---|---|---|
| Title | Dennis Morris v. Mediavine, Inc. | | |

5 & 11). Plaintiff does not allege any specific contacts between defendant and the state of California, nor does plaintiff allege how its causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint); see, e.g., Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this district. (See, generally, id.).

Based on the foregoing, IT IS ORDERED THAT:

1. No later than **December 7, 2023**, plaintiff shall file a First Amended Complaint setting forth sufficient allegations to establish jurisdiction. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 23-9496 FMO (SKx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make the First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

2. Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute, failure to comply with a court order, and lack of jurisdiction. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |